IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) NO. 3:21-cr-00098 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| | ) |
| RICO CARNEY | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Rico Carney's "Motion to Reconsider" (Doc. No. 45), whereby Defendant seeks reconsideration of the Court's December 6, 2021 order (Doc. No. 39) denying Defendant's Motion to Suppress. (Doc. No. 32).

## FACTUAL AND PROCEDURAL BACKGROUND[1]

The full factual background is sufficiently recited in the Court's Memorandum Opinion accompanying its denial of Defendant's Motion to Suppress. (Doc. No. 39 at 1-3). However, the Court will provide a brief recitation of the facts.

Defendant Rico Carney became of interest to law enforcement in late 2020. (Doc. No. 33 at 1). Using Defendant's cellphone number, the police gathered cell-site location data to geographically monitor Defendant. (*Id.* at 2). On January 24, 2021, police utilized the cell site location information to locate Defendant as he was returning from a trip to Atlanta. (*Id.* at 2).

Police caught up with Defendant as he was parked in the driveway that services (among other residential units) his residential unit, which bears the address of 2928A Scott Ave, Nashville, Tennessee. (*Id.* at 3). At this point, the police had no warrant to search Defendant, his vehicle, or

---

[1] All facts contained in this section come from Defendant's Memorandum in Support of his Motion to Suppress (Doc. No. 33) and are accepted as true for present purposes.

his residence. (*Id.* at 5). After pulling in behind Defendant's vehicle, the police deployed a drug-sniffing dog to sniff the vehicle, and the dog alerted. (*Id.* at 3 and 5). Police officers then searched the vehicle and found containers of what they characterized as "cut" or drug "filler." (*Id.* at 3-4). After this, the police acquired a search warrant for Defendant's residence at 2928A. (*Id.* at 5).

On October 7, 2021, Defendant filed a Motion "To Suppress the Fruits of the Search of 2928A Scott Avenue, Nashville, Tennessee, on January 24, 2021." (Doc. No. 32). The Government responded (Doc. No. 36), and Defendant replied. (Doc. No. 37). The Court denied Defendant's Motion to Suppress on December 6, 2021. (Doc. No. 39). Defendant subsequently filed this present Motion for Reconsideration on February 17, 2022. (Doc. No. 45).

## STANDARD

As acknowledged by Defendant in the present Motion, the Federal Rules of Criminal Procedure do not mention motions for reconsideration. However, the Supreme Court has upheld the ability of parties in criminal cases to file motions for reconsideration. *See United States v. Ibarra*, 502 U.S. 1, 6-7 (1991). "The Sixth Circuit has applied the Federal Rule of Civil Procedure 59(e) standard for motions to alter or amend to motions for reconsideration in criminal cases." *United States v. Lewis*, No. 2:20-CR-0003(2), 2020 WL 2557196, at *1 (S.D. Ohio May 20, 2020) (citing *United States v. Correa-Gomez*, 328 F.3d 297, 298 (6th Cir. 2003)); *see also United States v. Archibald,* No. 3:10-CR-00064, 2011 WL 13186527, at *1 (M.D. Tenn. Apr. 13, 2011) ("To be clear, courts adjudicating motions for reconsideration in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).") (quotation omitted).

As the undersigned has previously noted,

> Arguments that can be raised on a motion for reconsideration are limited. *Boden v. St. Elizabeth Medical Center, Inc*., CIVIL ACTION NO. 16-49-DLB-CJS, 2018

> WL 4855210, at * 2 (E.D. Ky. Oct. 5, 2018). A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple. *Chad Youth Enhancement Center, Inc. v. Colony Nat'l Ins. Co.*, No. 3:09-0545, 2010 WL 2253538, at * 1 (M.D. Tenn. June 1, 2010). Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *Id.*

*Hanna v. Marriott Hotel Servs., Inc.*, No. 3:18-CV-0325, 2019 WL 7482144, at *1 (M.D. Tenn. Mar. 18, 2019). Rather, motions under Rule 59(e)—and therefore motions for reconsideration in criminal cases—can be granted if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (citing *United States v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n.*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017)). The decision whether to deny a motion for reconsideration is a matter within the discretion of the district judge. *See Tolbert v. Potter*, 206 F. App'x 416, 417 (6th Cir. 2006); *Lommen v. McIntyre*, 125 F. App'x 655, 658 (6th Cir. 2005) (noting that the Sixth Circuit "review[s] the district court's denial of the motion for reconsideration for an abuse of discretion").

## ANALYSIS

Here, Defendant argues that the Court's denial of his Motion to Suppress "represents a clear error of law" and would result in "manifest injustice." (Doc. No. 45 at 1). The Court disagrees. And while Defendant is entitled to his opinion, he is not entitled to reconsideration by this Court for a clear error of law unless he can show the original judgment represents some "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *Dorger v. Allstate Ins. Co.*, No. CIV.A. 2:08-56-DCR, 2009 WL 2136268, at *1 (E.D. Ky. July 16, 2009) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)) (defining a "manifest error of law" in the context of Rule 59(e)).[2] Similarly, to succeed on a motion

---

[2] "While the Sixth Circuit has not ruled on the exact definition of 'clear error,' it has made clear that it is an exacting standard and that a successful Rule 59(e) motion must 'clearly establish a manifest error of law.'" *Heithcock v. Tennessee Dep't of Children's Servs.*, No. 3:14-CV-2377, 2015 WL 5970894, at *1 (M.D. Tenn. Oct. 14, 2015) (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)).

for reconsideration on the basis of manifest injustice, Defendant must show that "there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *McDaniel v. Am. Gen. Fin. Servs., Inc.*, No. 04-2667 B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)). Defendant can do neither in this case.

Defendant first argues that the Court "incorrectly decided that no material factual disputes existed in the record" and therefore should hold an evidentiary hearing before re-deciding the Motion to Suppress. (Doc. No. 45 at 4). Defendant asserts that each of the following issues presented a "material factual dispute": (1) whether police pursued Defendant onto his own "private property"; (2) whether the officer who pushed the garage-door opener knew what a garage door opener looked like; and (3) how close Defendant was to his residence at 2928A Scott Avenue when stopped in his car by police. (*Id.* at 5-6). None of these qualify as a material factual dispute. The first alleged dispute is not material. The question here is whether the area of the driveway on which Defendant's car was parked constituted curtilage with respect to Defendant's residence, and Defendant provides absolutely no support for the proposition that this question turns to any degree on whether the label "private property" fits that location. Next, while the second dispute appears to be an actual factual dispute between the parties, it is not a material one. The outcome of the Motion to Suppress hinged entirely on whether the portion of the driveway in question constituted curtilage, and thus issues concerning the garage-door opener issue were not material. Finally, the third alleged dispute would have been (had there actually been a dispute) one of material fact: the vehicle's distance from Defendant's residence during the search. Defendant contends he was parked within 10-15 feet of 2928A Scott Avenue. (Doc. No. 45 at 6). However, he also notes that "the government makes no mention of how close Defendant Carney was to 2928A Scott Avenue

when stopped by the police."(*Id.*). By Defendant's own acknowledgment, it is clear this fact was never challenged by the Government, and was therefore never in dispute. In fact, the Court assumed this statement was true for purposes of resolving the Motion to Suppress. (Doc. No. 39 at 2). As Defendant has pointed to no facts that were both material and disputed, the Court finds no basis for vacating the denial of the Motion to Suppress and holding an evidentiary hearing.

Defendant next argues that the Court's "holding that both the driveway and the particular portion of it where Defendant Carney was stopped does not constitute constitutionally protected curtilage is, respectfully, in error." (*Id.* at 7). In making this contention, Defendant regurgitates the same arguments he made in his Motion to Suppress. He relies heavily on cases with dissimilar factual backgrounds (like *Collins v. Virginia*, 138 S. Ct. 1663 (2018) and *Florida v. Jardines*, 569 U.S. 1 (2013)), while ignoring reported Sixth Circuit cases involving facts considerably more similar to the instant case than the facts in defendant's cited cases (like *United States v. May-Shaw*, 955 F.3d 563, 569 (6th Cir. 2020) and *United States v. Coleman*, 923 F.3d 450 (6th Cir. 2019)). Rather than show that the Court failed to "recognize controlling precedent," Defendant actually is the one culpable of such failure to the extent cases like *May-Show* and *Coleman* are controlling in this case given their factual applicability here. *Dorger*, 2009 WL 2136268, at *1. In any event, even if Defendant were correct that the Court's decision was in error, a contention that a court's ruling is mere error is insufficient grounds for reconsideration; what must be shown is *clear* error. And even assuming *arguendo* that Defendant has a good argument that the Court erred in not coming out the other way, that does not mean that such error is clear. As the undersigned has previously noted:

> If [a party] thinks the Court erred, [that party] may at some point take this up with the Sixth Circuit and seek to show that court that this Court erred, but the Court does not discern any even arguably *clear* error that would occasion *this Court* to revisit its own opinion. In short, a district court may or may not be right.

> But with few if any exceptions, a district court is quite busy and, absent a specific one of the four reasons to do so, should not be asked to revisit a motion that it has already addressed in some detail and resolved. [A party] has every right to disagree with the Court's decision and be frustrated by it, but she does not have the right to pull the Court's attention away from its hundreds of other cases merely because she disagrees with the Court's decision. A motion for reconsideration is not a venue to see whether the Court will conclude that perhaps on balance it should have gone the other way the first time

*O'Connor v. Lampo Grp., LLC*, No. 3:20-CV-00628, 2021 WL 4942869, at *2 (M.D. Tenn. Oct. 22, 2021).

Finally, Defendant asserts that the "government misapplied the *Dunn* factors and since the Court may have relied upon the government's application" there is a clear error of law. (Doc. No. 45 at 12). Defendant then attempts to argue why each of the four *Dunn* factors favors a finding that the driveway constituted curtilage. This argument fails for multiple reasons. First, the Court did not rely in any way upon the Government's application of the *Dunn* factors. Instead, the Court simply noted that Defendant had the burden of using the *Dunn* factors to establish that the search in question violated his Fourth Amendment rights, and that he failed to do so. (Doc. No. 39 at 9). Second, as noted above, "[a] motion for reconsideration should not provide the parties with an opportunity for a proverbial second bite at the apple." *Hanna*, 2019 WL 7482144, at *1 (citing *Chad Youth Enhancement Center, Inc. v. Colony Nat'l Ins. Co.*, No. 3:09-0545, 2010 WL 2253538, at *1 (M.D. Tenn. June 1, 2010)). Defendant failed to argue the *Dunn* factors in his Motion to Suppress (Doc. No. 32) or in his reply (Doc. No. 37), and he does not get the opportunity to do so now simply because his other arguments failed. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("Under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.").

## CONCLUSION

Because Defendant has not shown any proper grounds for granting his Motion for Reconsideration, the Court reaffirms its prior decision on the Motion to Suppress. The Court declines to entertain Defendant's request merely to re-argue a motion (including by addressing for the first time a matter, the *Dunn* factors, that Defendant previously should have addressed) that the Court has already considered and addressed in some detail in rendering its prior decision. Accordingly, Defendants' Motion (Doc. No. 45) is **DENIED**.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE